Filed 9/6/22  In re D.B. CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re D.B., et al., Persons Coming Under the Juvenile Court Law. | B314294<br><br>(Los Angeles County Super. Ct. Nos. 21LJJP00076, 21LJJP00076A, 21LJJP00076B |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>D.B.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephanie Davis, Judge Pro Tempore. Dismissed.

Cristina Gabrielidis, under appointment by the Court of Appeal, for Defendant and Appellant, D.B.

Aida Aslanian, under appointment by the Court of Appeal for Respondent, A.E.

No appearance for Plaintiff and Respondent.

_____

## INTRODUCTION

D.B. (father) appeals from the juvenile court's denial of enhancement services in its disposition order under Welfare and Institutions Code section 358.[1] Juvenile court jurisdiction has since been terminated, and father has not appealed the termination or exit order.  Because there is no relief this court can provide, we dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Two-year-old D. and 18-month-old M. came to the attention of the Los Angeles County Department of Children and Family Services (DCFS) in January 2021, after the children's mother called police regarding a domestic violence incident with father.  M. had a rash and mother was concerned it was an allergic reaction.  She called father and asked him to take care of D. while mother took M. to the hospital; father agreed.  When mother took D. to father's residence, however, father became irate and hit mother twice in the face with his fist.  The children were present, but uninjured.  Father admitted to police that he punched mother, and he was arrested for domestic violence.  The superior court entered a criminal domestic violence restraining order on January 14, 2021 protecting mother from father.

---

[1]     All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

A children's social worker (CSW) met with mother and the children in their home on January 19, 2021 and noted no relevant concerns. Father remained incarcerated; in a phone call with the CSW, he denied hitting mother. Father said he did not live with mother and does not see the children often. Father said he had been diagnosed with schizophrenia and had not been taking his medication before the incident. Father had been convicted of rape of a minor in 2009, and he was a registered sex offender.

DCFS filed a petition under section 300, subdivisions (a), (b)(1), and (d). DCFS alleged the domestic violence incident placed the children at risk of harm, the children were at risk due to father's criminal history, and mother failed to protect the children by allowing father to care for them unsupervised. The juvenile court ordered the children to be detained from father and released to mother.

A jurisdiction/disposition report dated May 5, 2021 stated that the children remained in mother's care and father was having monitored visits with them. Father again denied the domestic violence incident with mother, and refused to discuss the allegations with the DCFS investigator. Father also denied having a diagnosis of schizophrenia. DCFS recommended that father receive enhancement services.[2]

---

[2] Enhancement services are "'child welfare services offered to the parent not retaining custody, designed to enhance the child's relationship with that parent.'" (*In re Destiny D.* (2017) 15 Cal.App.5th 197, 212.) "Such 'enhancement' services are 'not designed to reunify the child with that parent, but instead to enhance the child's relationship with that parent by requiring that parent to address the issues that brought the child before the court.'" (*In re A.C.* (2008) 169 Cal.App.4th 636, 642, fn. 5.)

At the adjudication hearing on June 3, 2021, the juvenile court found the allegations in the petition to be true, and found the children to be persons described by section 300, subdivisions (a), (b)(1), and (d). The court noted that it did not agree with DCFS's recommendation to provide enhancement services to father. Father's counsel requested a hearing for a contested disposition; the court granted his request.

DCFS did not file any relevant updated information before the disposition hearing. At the hearing on July 26, 2021, the court stated that it was "not in agreement" with DCFS's recommendation to provide enhancement services to father because "[h]e was convicted of having sex with a minor and is a registered sex offender." Father's counsel argued that father had completed his sentence for the crime and was in compliance with his sex offender registration requirements. Mother's counsel asked that the case be closed with an award of sole legal and physical custody to mother. DCFS's counsel objected to closing the case, noted that father was consistent and appropriate in his visitation with the children, and recommended enhancement services for father. The children's counsel offered no arguments relating to services for father. The court ordered that the children remain in mother's care, ordered family maintenance services for mother, denied enhancement services to father, and ordered continuing monitored visitation for father.

Father timely appealed and filed an opening brief. DCFS filed a letter stating that it did not plan to file a respondent's brief. Mother, the sole respondent, filed a request for judicial notice of the juvenile court's order terminating jurisdiction on September 24, 2021, as well as its exit order awarding mother sole physical and legal custody and granting father monitored

4

visitation. We granted the request. Mother asserts in her respondent's brief that father's appeal is moot because with the juvenile case closed, there is no relief this court can provide to father. Father filed a letter confirming that he did not appeal from the juvenile court's order terminating jurisdiction, and stating that he would not be filing a reply brief.

## DISCUSSION

We agree with mother that father's appeal is moot and should be dismissed. "As a general rule, an order terminating juvenile court jurisdiction renders an appeal from a previous order in the dependency proceedings moot." (*In re C.C.* (2009) 172 Cal.App.4th 1481, 1488.) "[D]ismissal for mootness in such circumstances is not automatic, but 'must be decided on a case-by-case basis.'" (*Ibid.*) "[T]he critical factor" in determining whether a dependency appeal should be dismissed for mootness "is whether the appellate court can provide any effective relief if it finds reversible error." (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.)

Here, no effective relief can be provided. Even if father could establish that the juvenile court abused its discretion by denying enhancement services in the July 2021 disposition order, jurisdiction over the children has been terminated and no such services would be offered upon remand. Moreover, father has not appealed the termination of jurisdiction or the exit order, and he does not suggest that the denial of enhancement services at the disposition stage of the case prejudiced him with respect to the court's final rulings. (See, e.g., *In re Rashad D.* (2021) 63 Cal.App.5th 156, 164-165 [when juvenile court jurisdiction has been terminated, a parent cannot establish that a juvenile court's intermediate ruling was prejudicial without also appealing the

5

juvenile court's final orders].)  Because father has not established prejudice and this court can provide no effective relief, the appeal is moot.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


WILLHITE, ACTING P.J.


CURREY, J.